# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| United States of America | ) | |
| --- | --- | --- |
| v. | ) | |
| | ) | Case No. 2:22-mj-0001 DB |
| Donald WELKER, Jr. | ) | |
| | ) | |
| *Defendant(s)* | ) | |

**FILED**
Jan 04, 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of September 24, 2021 in the county of San Joaquin in the
Eastern District of California, the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| 18 U.S.C. 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

See attached affidvait of Patrick High, Burearu of Alcohol, Tobacco, Firearms, and Explosives Task Force Officer

☑ Continued on the attached sheet.

/s/ Patrick High
*Complainant's signature*

Patrick High, ATF TFO
*Printed name and title*

Sworn to before me and signed telephonically.

Date: January 4, 2022

City and state: Sacramento, California

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

**AFFIDAVIT**

I, Patrick A. High, being first duly sworn, hereby depose and state as follows:

## I. INTRODUCTION AND AGENT BACKGROUND

1. This Affidavit is made in support of a criminal complaint and arrest warrant for Donald WELKER, Jr. for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

2. I am a Detective with the Stockton Police Department. I have been a sworn law enforcement officer in California for the past 14 years. In May 2020, I was cross designated as a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), San Francisco Division, Stockton Field Office. As a member of the ATF Violent Crime Task Force, I am responsible for investigating crimes related to firearms and gang activity.

3. I have received hundreds of hours of formal training with the Stockton Police Department, including the P.O.S.T. basic police academy, which I completed in 2007. I have attended more than 500 hours of investigation-based classes, lectures, and seminars.

4. In addition to my classroom training, I have been involved in over 200 gang/narcotics/firearms-related investigations. In my 14-year career in law enforcement, I have participated in all aspects of criminal investigations, including physical and electronic surveillance, executing search warrants, interviews, and arrests. In addition to my classroom training, this practical experience has formed the basis of my opinions set forth below.

5. As a result of my training and experience with the Stockton Police Department, and the ATF, I am familiar with the State and Federal laws pertaining to firearms. I know that it is unlawful under Title 18 of the United States Code for a convicted felon to possess ammunition.

6. The information contained in this Affidavit is based on my review of the reports and files in this case reported in Lodi Police Department case number 21-006301 as well as my review of recordings of the incident and my conversations with other officers. This Affidavit is

submitted for the limited purpose of establishing probable cause, I have not included every fact known to me and other law enforcement investigators about this case. Instead, I have set forth only those facts I believe are necessary to support probable cause for the issuance of a criminal complaint and arrest warrant for Donald WELKER, Jr.

## II.     PROBABLE CAUSE

7. On September 24, 2021, at approximately 9:19 p.m. Lodi Police Officers Larue and Johnston located Donald WELKER Jr.'s Durango near a gas station in the 1100 block of East Kettleman Lane in Lodi. WELKER had an active warrant for his arrest.

8. As they drove into the lot their vehicle's light illuminated the interior of the Durango. They were able to see that WELKER was in the driver's seat and he was the sole occupant.

9. WELKER then drove out of the lot. Officer Larue's vehicle had its emergency lights and siren activated, but WELKER did not yield.

10. WELKER then fled from the officers. Shortly after fleeing from the officers WELKER turned off his vehicle's lights and then drove onto State Route 99 traveling southbound, but in the northbound lanes. Officer Larue ceased pursing WELKER for fear that he would continue to flee driving the wrong way on the freeway and cause an accident.

11. Moments later Stockton Police Officer Sean Ross, who was the Tactical Flight Officer for the Stockton Police Department's helicopter, arrived in the area flying a helicopter. Officer Ross observed a vehicle near where the Lodi officers last saw WELKER and his vehicle. Officer Ross was able to use the helicopter's camera to confirm that the vehicle was WELKER's.

12. Officer Ross directed the Lodi officers to WELKER's location where they again engaged in a pursuit with WELKER. He again traveled onto State Route 99 going the wrong direction. Officer Ross remained overhead while the ground units again discontinued the pursuit.

13. The California Highway Patrol (CHP) was called into assist. A spike strip was

AFFIDAVIT

successfully used against WELKER's vehicle, and two (2) tires were deflated.  WELKER continued to drive on the deflated tires.

14. CHP officers continued to pursue WELKER with their lights and sirens on.  WELKER eventually came to a stop in front of his mother's house in Stockton in the State and Eastern District of California.  At this time, Officer Ross (SPD) was still overhead and recording the incident.

15. Officer Ross was able to direct the helicopter's camera to the driver's window area, which was rolled down.  The driver of the vehicle removed a revolver from the interior of the vehicle and began to hold it outside of the vehicle.  After a few moments the gun was thrown out on the street.

16. The driver was called out of the vehicle by the CHP officers and placed in handcuffs.  Officer Larue (LPD) confirmed the person taken into custody was WELKER and was the same person he saw driving the Durango when it initially fled from him in Lodi.

17. CHP Officer Glenn observed WELKER toss the gun from the Durango during the felony car stop.  Officer Glenn later recovered the firearm and unloaded it.  Inside of the cylinder were four (4) unexpended rounds of ammunition, and one (1) expended shell case.

18. The firearm and ammunition were then turned over to Detective Johnston of the Lodi Police Department.  Detective Johnston observed the revolver was a Ruger Single Six .22 caliber revolver with serial number 832966.  The firearm was not registered to WELKER.

19. I spoke to ATF Special Agent Andrew Balady, who is an Interstate Nexus Expert. He stated that the Ruger revolver was manufactured outside the State of California. Therefore, the firearm moved in interstate commerce into the State of California.

20. A criminal history check of WELKER revealed that he has been convicted of several crimes punishable by a term of imprisonment exceeding one year, including the following:

    a) Attempted Murder, in violation of California Penal Code section 664-187, on or about August 10, 1994.

AFFIDAVIT

        b)       Stalking, in violation of California Penal Code section 646.9(a), on or about December 24, 2002.

        c)       Possession of methamphetamine, in violation of California Health & Safety Code section 11377(a), on or about October 08, 2010.

        d)       Auto Theft, in violation of California Vehicle Code section 10851(a) on or about October 15, 2010.

        e)       Possession of a firearm by prohibited person, in violation of California Penal Code 29800(a)(1) on or about August 20, 2012.

        f)       Possession of a stolen vehicle, in violation of California Penal Code section 496D(a) on or about September 08, 2014.

        g)       Evade Peace Officer in a vehicle, in violation of California Vehicle Code section 2800.2 on or about July 20, 2015.

        h)       Assault with a deadly weapon (not firearm), in violation of California Penal Code section 245(a)(1) on or about November 20, 2018.

        i)       Corporal injury to a spouse, in violation of California Penal Code section 273.5(a) on or about November 20, 2018

21.    Not only are each of these convictions punishable by a term of imprisonment exceeding one year, but WELKER was, in fact, sentenced to a term of imprisonment exceeding one year for each of these convictions.  I therefore believe that there is probable cause to believe that WELKER knew that each conviction was punishable by a term of imprisonment exceeding one year.

### III. CONCLUSION

22. Based on the facts described above, I request that a criminal complaint and arrest warrant be issued for Donald WELKER, Jr., charging him with being a felon in possession of firearm, in violation of 18 U.S.C. § 922(g)(1).

Respectfully submitted,

/s/ Patrick A. High
Patrick A. High
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn to me and signed telephonically.
on: January 4, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

Approved as to form by AUSA ROSS PEARSON

AFFIDAVIT